# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

FEDERAL TRADE COMMISSION,

           Plaintiff,

vs.

OMICS GROUP INC., *et al.*,

           Defendants.

Case No. 2:16-cv-02022-GMN-VCF

**REPORT AND RECOMMENDATION**

MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF NO. 55)

Before the Court is Plaintiff Federal Trade Commission's ("FTC") Motion to Strike Affirmative Defenses. For the reasons stated below, the Court recommends that the FTC's motion be granted in part and denied in part.

## I. BACKGROUND

On August 25, 2016, the FTC filed a complaint against Defendants pursuant to the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). (ECF No. 1 at 2-4). The FTC alleged Defendants violated 15 U.S.C. § 45(a) by misrepresenting online journal publishing practices, failing to disclose publishing fees, and misrepresenting the scientific conferences they marketed. (*Id.* at 12-14). The FTC asked for injunctive and monetary relief including "restitution, the refund of monies paid, and the disgorgement of ill-gotten monies." (*Id.* at 15). On October 16, 2017, Defendants filed an answer that included 20 Affirmative Defenses. (ECF No. 48 at 6-7).

On November 6, 2017, the FTC filed a motion to strike 19 of Defendants' Affirmative Defenses. (ECF No. 55). Defendants filed a response on November 20, 2017 (ECF No. 59) and the FTC filed a reply on November 27, 2017 (ECF No. 60).

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'"). "'A court must view the pleading under attack in the light most favorable to the pleader' and should not weigh the sufficiency of evidence in evaluating a motion to strike." *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F.Supp.2d 1262, 1271 (D. Nev. 2008) (quoting *Cardinale v. La Petite Acad., Inc.,* 207 F.Supp.2d 1158, 1162 (D. Nev. 2002)).

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram,* 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted).

## III. DISCUSSION

The FTC's motion to strike addresses 19 of Defendants' Affirmative Defenses. To simplify its ruling, the Court will group the affirmative defenses based on the argument the FTC raises against them.

2

As a preliminary matter, Defendants did not respond to the FTC's motion to strike with regard to Affirmative Defenses 19 and 20, which pertain to jurisdiction and asserting additional defenses that may arise later in the case. (ECF No. 55 at 16-20). Under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." Therefore, the Court should grant FTC's motion to strike as to Affirmative Defenses 19 and 20.

**A. Already Addressed in a Motion to Dismiss**

Defendants' Affirmative Defense 1 is that the FTC "failed to state a claim against Defendants upon which relief can be granted." (ECF No. 48 at 6). The FTC argues that the Court has already ruled that the complaint adequately presents the FTC's claims in its order addressing Defendants' previous motion to dismiss. (ECF No. 55 at 2). Defendants argue the Court's previous ruling is not binding on this matter. (ECF No. 59 at 12).

Courts have reached inconsistent conclusions when evaluating affirmative defenses that were previously the subject of a motion to dismiss. The FTC cites two cases from other jurisdictions stating that the Court may strike a defense that was previously ruled against on a motion to dismiss. (ECF No. 55 at 2-3). However, the Court has found more persuasive authority stating that the fact that affirmative defenses "were already the subject of motions to dismiss, [] alone, is not sufficient to warrant striking them from the Answer." *Garity v. Donahoe*, No. 2:11-CV-01805-MMD, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013); *see also Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *3 (D. Ariz. Mar. 22, 2017) ("district courts have long allowed defendants to plead failure to state a claim as an affirmative defense even when a motion to dismiss on the same grounds had been previously denied."). In addition, "[t]he defense of failure to state a claim upon which relief can be granted cannot be waived and can be asserted at the trial on the merits and hence neither the

3

defendant nor the trial court is concluded by a prior ruling on a motion to dismiss from reconsidering the questions previously raised." *Van Voorhis v. D.C.*, 240 F.Supp. 822, 824 (D.D.C 1965).

The Court's previous ruling on Defendants' motion to dismiss is not binding on its decision regarding Defendants' Affirmative Defenses. Because Affirmative Defense 1 is an otherwise appropriate defense,[1] the Court should deny the FTC's motion to strike as to Affirmative Defense 1.

### B. The First Amendment Does Not Protect Deceptive Speech

Defendants' Affirmative Defense 9 is that "[t]he requested relief, if granted, would violate Defendants' First Amendment right to free speech." (ECF No. 48 at 6). The FTC argues this defense is insufficient because "the First Amendment does not protect deceptive speech" and "[a]ppropriate time, place, and manner restrictions may be imposed on commercial speech." (ECF No. 55 at 8-10). Defendants argue that this defense may be relevant to relief the FTC seeks in this case and should be allowed to proceed. (ECF No. 59 at 16-17).

Again, there are inconsistent results from courts ruling on this issue. The FTC cites decisions from other jurisdictions accepting the FTC's argument and striking a First Amendment affirmative defense. (ECF No. 5 at 10). However, the Court is more persuaded by decisions within the United States District Court of Nevada: "Whereas the court agrees that the First Amendment argument may be relevant to the disposition of the case, and whereas the court sees no harm in allowing the defense to remain in the answer, the motion to strike is denied." *F.T.C. v. Ivy Capital, Inc.*, No. 2:11-CV-283-JCM-GWF, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011). In addition, "the area of commercial speech is not exempt from first amendment protection." *Standard Oil Co. of California v. F. T. C.*, 577 F.2d 653, 659 (9th Cir. 1978).

---

[1] The FTC also asserts in a footnote that Affirmative Defense 1 should be stricken as a negative defense. (ECF No. 55 at 3). The Court's later discussion regarding negative defenses also applies to Affirmative Defense 1.

4

The First Amendment is clearly relevant to this case, as it involves Defendants' commercial speech. Therefore, the Court should deny the FTC's motion to strike as to Affirmative Defense 9.

**C. Certain Defenses Do Not Apply to the FTC in This Case**

This argument applies to Affirmative Defenses 13, 16, and 17:

> 13. Plaintiff's claims are barred by the doctrine of laches.
>
> 16. Plaintiff's claims have been waived.
>
> 17. Plaintiff is estopped from bringing its claims.

(ECF No. 48 at 6). The FTC argues these defenses "are unavailable in a government law enforcement action" and Defendants "cannot satisfy the fair notice standard" because they fail to provide any factual support for these defenses. (ECF No. 55 at 12-16). Defendants argue that equitable defenses are available against governmental agencies in some cases, and a blanket prohibition in this case would be improper. (ECF No. 59 at 14-16).

The weight of the case law indicates that a laches or waiver defense cannot be asserted against the government in a suit brought by the government to enforce a public right or a public interest. *See Donovan v. Schmoutey*, 592 F.Supp. 1361, 1403 (D. Nev. 1984); *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-00536-GMN-VCF, 2017 WL 1704411, at *5 (D. Nev. May 1, 2017); *United States v. Nye Cty., Nev.*, 951 F.Supp. 1502, 1511 (D. Nev. 1996). While an estoppel defense may be available in some circumstances, *United States v. Ruby Co.*, 588 F.2d 697, 702 (9th Cir. 1978), the defense fails as a matter of law when the defendant pleads nothing more than the word "estoppel" and fails to "to allege its necessary elements." *Donovan*, 592 F.Supp. at 1403.

Defendants' laches, waiver, and estoppel claims fail as a matter of law. Laches and waiver are unavailable against the FTC in this case, and Defendants failed to allege the necessary elements of an estoppel defense. Therefore, the Court should grant the FTC's motion to strike as to Affirmative Defenses

13, 16, and 17. Because it may be possible for Defendants to cure their deficiencies as to their estoppel defense, the Court should grant Defendants leave to amend Affirmative Defense 17. *See Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13-CV-00560-GMN, 2014 WL 2863054, at *1 (D. Nev. June 23, 2014) ("Generally, a Court will deny leave to amend only when it is clear that the deficiencies cannot be cured by amendment.").

### D. The FTC is Legally Authorized to Bring this Action

This argument applies to Affirmative Defenses 2, 7, 10, 15, and 18:

> 2. The requested relief, if granted, would not be in the public interest.
>
> 7. Plaintiff has not demonstrated a reasonable basis for its requested relief.
>
> 10. Plaintiff's allegations are predicated on arbitrary and capricious regulatory policies that are not based on substantial evidence.
>
> 15. Plaintiff does not have standing to bring its claims.
>
> 18. Plaintiff lacks statutory authority to obtain relief because this is not a proper case under the Federal Trade Commission Act.

(ECF No. 48 at 6-7). Each of these defenses relates to the FTC's authority to bring this case under the FTC Act. Pursuant to 15 U.S.C. § 53(b), when the FTC believes that an entity is violating or will violate a law enforced by the FTC and "the enjoining thereof…would be in the interest of the public—the Commission…may bring suit in a district court of the United States to enjoin any such act." "[I]n proper cases the Commission may seek…a permanent injunction." *Id.* In some cases, courts have found that the "F.T.C. has exceeded its authority by proceeding to create new law by adjudication rather than by rulemaking." *Ford Motor Co. v. F. T. C.*, 673 F.2d 1008, 1010 (9th Cir. 1981).

#### 1. The FTC's Rulemaking or Adjudication Choice

Based on Defendants' response to the motion to strike, it appears that Affirmative Defense 10 was intended to argue "that the FTC abused its discretion by proceeding with adjudication" in this case rather

than rulemaking. (ECF No. 59 at 18). However, the actual wording of Affirmative Defense 10 appears to challenge the FTC's existing regulatory policies as a whole rather than the FTC's choice to bring suit against Defendants in this case.

Because Affirmative Defense 10 does not give actual notice of the defense Defendants intend to raise, the Court should grant the FTC's motion to strike as to Affirmative Defense 10. However, Defendants have demonstrated that when the FTC "has exceeded its authority by proceeding to create new law by adjudication rather than by rulemaking," there are grounds to set aside the results of the adjudication. *Ford Motor Co.*, 673 F.2d at 1010. Because it may be possible for Defendants to cure their deficiencies as to their rulemaking defense, the Court should grant Defendants leave to amend Affirmative Defense 10. *See Roadhouse v. Patenaude & Felix, A.P.C.*, 2014 WL 2863054 at *1.

### 2. Whether this is a "Proper Case"

Specifically addressing Affirmative Defenses 2, 7, 15, and 18, the FTC argues "the relief sought by the FTC is both expressly authorized by statute and reasonable and appropriate." (ECF No. 55 at 3). The FTC asserts 15 U.S.C. § 53(b) authorizes the FTC to seek injunctive and monetary relief in proper cases, including a permanent injunction when there is a "cognizable danger of recurrent violation, or some reasonable likelihood of future violations." (*Id.* at 3-4). Defendants argue, "the FTC's claim that this is a 'proper case' for injunctive relief under Section 13(b) of the FTC Act is a highly disputed factual issue that cannot be determined on a motion to strike." (ECF No. 59 at 17). However, Defendants' argument rests on cases' discussing preliminary injunctions rather than the overall merit of the case. *See FTC v. Evans Prods.*, Co., 775 F.2d 1084 (9th Cir. 1985); *F.T.C. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982).

"[A] routine fraud case is a proper case" under 15 U.S.C. § 53(b). *H. N. Singer, Inc.*, 668 F.2d at 1111. Defendants fail to argue that this is anything other than a routine fraud case. This gives the FTC a

7

reasonable basis for its requested relief. In addition, Defendants failed to explain how the FTC would lack standing in this case. For these reasons, the Court should grant the FTC's motion to strike as to Affirmative Defenses 7, 15, and 18. Amending these defenses would be futile, as further details would not change the legal, foundational issues with these defenses.

The Court should deny the FTC's motion to strike as to Affirmative Defense 2. Both parties present this defense as though it impacts the FTC's authority to bring this case. However, it actually reflects on the FTC's ability to obtain its sought-after injunctive relief. Public interest is a factor the courts consider before ordering an injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 390 (2006); *FDIC v. Lewis*, No. 2:10-CV-439-JCM-VCF, 2016 WL 589666, at *2 (D. Nev. Feb. 10, 2016). Because this defense is relevant to the relief the Court may order in this case, Affirmative Defense 2 should be permitted to proceed.

### E. Not a True Defense to Liability

This argument applies to Affirmative Defenses 3, 4, 5, 6, 8, 11, and 12:

> 3. Defendants have acted in good faith in its business practices.
>
> 4. At no time did Defendants attempt to mislead or deceive anyone.
>
> 5. Defendants actions are lawful.
>
> 6. Defendants did not have the requisite intent to violate any provisions of the Federal Trade Commission Act.
>
> 8. Defendants properly disclose any requisite material facts.
>
> 11. The Complaint fails to allege any plausible harm to any consumers.
>
> 12. Any monetary relief is subject to offset by the benefits received by consumers, associated costs, and/or refunds paid to consumers. Moreover, any monetary relief awarded to the FTC should be reduced by what the Defendants have paid in taxes and other costs.

(ECF No. 48 at 6).

The FTC argues that these defenses are legally insufficient because (1) they are merely denials or "negative" defenses or (2) they impact the scope of relief rather than Defendants' underlying liability. (ECF No. 55 at 6-8, 11-12; ECF No. 60 at 3-4, 11-12). Defendants argue (1) the FTC failed to show how it would be prejudiced by these affirmative defenses remaining in the case and (2) the defenses are relevant to the case. (ECF No. 59 at 12-13, 19).

It is true that some courts strike defenses that are "not properly asserted as an affirmative defense," meaning they assert a defect in the case rather than assert facts to bar recovery notwithstanding a valid case. *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 4039069, at *3 (D. Nev. Aug. 5, 2013); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). However, this Court submits that this approach does not fulfil the purpose of a Rule 12(f) motion: "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation omitted).

The Court should not strike a defense "to merely polish the pleadings." *Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 308-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008). "The Court fails to see the utility in striking a negative defense at this point, despite it being mislabeled as an affirmative defense, without proof that it is legally insufficient." *Garity*, 2013 WL 4774761 at *3.

The Court agrees with the FTC that "streamlining[2] this action would further the Court's goal of preserving funds available for consumer redress." (ECF No. 60 at 1). However, the Court is not persuaded by the FTC's argument that allowing Defendants' "negative" defenses "to remain will needlessly prolong the litigation, require the FTC to expend its limited resources, and waste assets that otherwise would be available to compensate injured consumers." (*Id.* at 2). Whether or not Affirmative Defenses 4, 5, and 8

---

[2] The Court notes that this very motion to strike affirmative defenses, while meritorious in some respects, does not assist in streamlining the case as it addresses defenses that will undoubtedly be relevant to the case.

remain in this case, the FTC and Defendants will undoubtedly conduct discovery regarding whether Defendants disclosed requisite facts, misled consumers, or acted lawfully. There is no prejudice to the FTC in allowing these defenses to remain. *See Painters Joint Comm. v. J.L. Wallco, Inc.*, No. 2:10-CV-1385-JCM-PAL, 2011 WL 2418615, at *2 (D. Nev. June 14, 2011) (denying a motion to strike based on a lack of prejudice).

In addition, the FTC concedes that Affirmative Defenses 3, 6, 11, and 12 at least "may be" relevant to the scope of damages in this case. (ECF No. 60 at 3-5). Defendants' intent and the damage done to consumers will be relevant to both injunctive and monetary relief. *See FTC v. Johnson*, 2011 WL 2112258, at*2 (D. Nev. May 26, 2011) (stating the court can take a defendant's good faith into account when determining the extent of relief); *Fed. Trade Comm'n v. John Beck Amazing Profits LLC*, 888 F.Supp.2d 1006, 1019 (C.D. Cal. 2012) (finding it is generally an error to fail to account for refunds and actual services rendered in calculating damages). However, Defendants have provided no authority to support their last contention in Affirmative Defense 12 that "any monetary relief awarded to the FTC should be reduced by what the Defendants have paid in taxes and other costs."

Therefore, the Court should deny the FTC's motion to strike as to Affirmative Defenses 3, 4, 5, 6, 8, 11. The Court should deny the FTC's motion as to the first sentence of Affirmative Defense 12. The Court should grant the FTC's motion as to the second sentence of Affirmative Defense 12.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the FTC's Motion to Strike (ECF No. 55) be GRANTED with respect to Defendants' Affirmative Defenses Nos. 7, 13, 15, 16, 18, 19, and 20. The motion should be granted as to the second sentence of Affirmative Defense No. 12: "Moreover, any monetary relief awarded to the FTC should be reduced by what the Defendants have paid in taxes and other costs."

IT IS RECOMMENDED that the FTC's Motion to Strike (ECF No. 55) be GRANTED WITH LEAVE TO AMEND with respect to Defendants' Affirmative Defenses Nos. 10 and 17.

IT IS FURTHER RECOMMENDED that the FTC's Motion to Strike (ECF No. 55) be DENIED with respect to Defendants' Affirmative Defenses Nos. 1, 2, 3, 4, 5, 6, 8, 9, 11, and the first sentence of 12.

IT IS SO RECOMMENDED.

DATED this 15th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE