D. NEAL TOMLINSON
Nevada Bar No. 06851
neal@hyperionlegal.com
KRISTINA R. KLEIST
Nevada Bar No. 13520
kristina@hyperionlegal.com
Hyperion Advisors
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3901
Fax: (702) 999-3501

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:16-cv-02022-GMN-VCF |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION** |
| OMICS GROUP INC., et al., | |
| Defendants. | |

Defendants, OMICS GROUP INC. ("Omics"), IMEDPUB LLC ("iMedPub"), CONFERENCE SERIES LLC ("Conference Series"), and SRINUBABU GEDELA, by and through counsel, D. Neal Tomlinson and Kristina R. Kleist of the law firm Hyperion Advisors, herby oppose Plaintiff Federal Trade Commission's ("FTC") Motion to Determine the Sufficiency of Answers to Requests for Admission [Doc. No. 66] ("the Motion"). This Opposition is based on the pleadings on file herein, the points and authorities below, and any oral argument at the time of hearing of this matter the Court may wish to entertain.

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a classic case of the federal government flexing its unlimited resources in an attempt to bury each Defendant, here both an individual and multiple corporate entities, into bankruptcy. The FTC has taken advantage of the fact that each Defendant is foreign to the United States, the American court system, and the applicable standards with respect to federal litigation. Moreover, this Motion is nothing more than a burden on this Court's limited resources and an attempt to increase litigation costs for each Defendant in hopes of forcing the Defendants into an undesirable resolution.

To date, the FTC has served all forms of written discovery, including five (5) separate requests for admissions and multiple extensive document requests totaling over three hundred (300) separate requests for admissions, many with multiple sub-requests. At issue in this Motion are Defendants' responses to Plaintiff's Third Request for Admissions served on December 21, 2017. *See*, Declaration of D. Neal Tomlinson at ¶2. However, Plaintiff has also propounded a Fourth Request for Admissions on January 31, 2018 and a Fifth Request for Admissions on February 14, 2018. *See*, Declaration of D. Neal Tomlinson at ¶3-4. The fourth request contained 80 separate requests, with one specifically containing 872 separate urls for Defendants to verify. *See*, Declaration of D. Neal Tomlinson at ¶3. The fifth request contained an additional 116 separate requests. *See*, Declaration of D. Neal Tomlinson at ¶4. The strategic timing and volume can only be attributed to Plaintiff's desire to harass Defendants.

Furthermore, the FTC has embodied an "I want it now" attitude with respect to any resolution to perceived deficiencies in Defendants' responses. As identified in Mr. Tankersley's declaration and supporting attachments, Mr. Tankersley sent an email at 5:32pm (PST) on January 30, 2018 identifying Plaintiff's perceived deficiencies in Defendants' responses to Plaintiff's Third Request for Admissions. (Tankersley Declaration, Attachment 3) Then, at 10:39am (PST) on ***Friday February 2, 2018***, less than three days later, Mr. Tankersley sent an email demanding revised or updated responses from Defendants that day and a conference to take place the following Monday. (Tankersley Declaration, Attachment 4).

1     Plaintiff and counsel are well aware that the time difference between Defendants and
2 their counsel is a severe impediment to this case and that defense counsel must confer with
3 Defendants with regard to the issues identified by Plaintiff pertaining to the perceived
4 deficiencies. While both Defendants' and defense counsel diligently communicate, the
5 turnaround time is much more prolonged in this situation. Additionally, Plaintiff has the benefit
6 of being a professional litigant; however, when assessing the situation from Defendants'
7 perspective, having to explain, educate, and create understanding of the requirements and the
8 requests via email and phone conferencing is proving extremely difficult for all parties.

9     With regard to the FTC's Third Request for Admissions, Defendants submitted denials
10 to the requests on the deadline January 19, 2018 to preserve the right to deny as they were still
11 working to formulate full responses. On January 30, 2018 Defendants submitted amended
12 responses. Since that time, Defendants have been overwhelmed with the FTC's additional
13 document requests and requests for admissions but are working diligently to comply with the
14 requirements for responses to each as well as revisions and/or supplements necessary to address
15 any concerns identified by Plaintiff. Additionally, the deposition of Dr. Gedela was scheduled
16 and took place on March 13, 2018 (IST) with Mr. Tomlinson travelling to India in an attempt to
17 foster better understanding and communication between all parties.

18     Defendants are working to provide additional responses and remain willing and able to
19 work with Plaintiff's counsel to fully respond to the discovery requests. *See*, Declaration of D.
20 Neal Tomlinson at ¶9. Based on the above, court intervention is neither ripe nor necessary, and
21 Plaintiff's counsel has not met its burden to provide the proper certification required by court
22 rules as the parties have never reached an impasse. *See*, Declaration of D. Neal Tomlinson at
23 ¶12. Both Defendants and undersigned counsel have acted in good faith to provide meaningful
24 discovery responses, have not intentionally caused any delay, and at all times agreed to provide
25 supplemental responses. *See*, Declaration of D. Neal Tomlinson at ¶13.

26 **II.  LEGAL STANDARD**

27     Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of
28 discovery. It provides in pertinent part: "The motion must include a certification that the movant

1 has in good faith conferred or attempted to confer with the person or party failing to make

2 disclosure or discovery in an effort to obtain it without court action."

3     Local Rule 26-7(b) also provides:

4     Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

6     Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes. First,

7 the parties are required to meet and confer "to lessen the burden on the court and reduce the

8 unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial

9 resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.

10 1993). Second, the meet-and-confer obligations "promote a frank exchange between counsel to

11 resolve issues by agreement or to at least narrow and focus the matters in controversy before

12 judicial resolution is sought". *Id*.

13     For the meet-and-confer obligations to serve their purpose, it is essential "that parties

14 treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to,

15 judicial review of discovery disputes." *Id*. To accomplish this requirement, [t]he parties must

16 present to each other the merits of their respective positions with the same candor, specificity,

17 and support during informal negotiations as during the briefing of discovery motions. *Id*. Only

18 after all the cards have been laid on the table, and a party has meaningfully assessed the relative

19 strengths and weaknesses of its position in light of all available information, can there be "a

20 sincere effort" to resolve the matter. *Id*. Judicial intervention should only occur when either

21 informal negotiations have reached an impasse on the substantive issues in dispute, or one party

22 has acted in bad faith by either refusing to negotiate or provide specific support for its claims.

23 *Id*.

24     The court should not consider a motion to compel unless the moving party provides a

25 certification of counsel which "accurately and specifically conveys to the court who, where,

26 how, and when the respective parties attempted to personally resolve the discovery dispute."

27 *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996).

28 Additionally, the moving party must actually perform the obligation to confer or attempt to

confer in good faith to resolve the discovery dispute without court intervention. *Id.* To accomplish the underlying policy of Local Rule 26-7(b) and Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have been "unable to resolve the matter" and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.*

Additionally, the Court has the discretion to allow amendment of an admission if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

**III.   ARGUMENT**

**The FTC Did Not Engage in Good Faith While Attempting to Resolve the Discovery Dispute Prior to Filing the Motion to Compel**

Simply put, this matter is not ripe for a Motion to Determine the Sufficiency of Answers to Requests for Admission. While Plaintiff's counsel relies heavily on cursory email communications which detail perceived deficiencies in Defendants' responses, they do not rise to the level of good faith communication between the parties. Defendants and counsel do not take lightly the obligations of this litigation; however, the extenuating circumstances necessitate some leniency and cooperation by all.

What is missing from Plaintiff's pleadings and Mr. Tankersley's declaration is evidence showing any refusal by Defendants to provide responses to Plaintiff's discovery requests. As stated before, Plaintiff simply wants what it wants, when it wants it, and is not willing to make any accommodations for the extenuating circumstances of this particular matter. Defense counsel has requested on multiple occasions clarifications and conferences on all Plaintiff's perceived issues with Defendants' responses in attempts to keep this matter moving forward.

However, relaying those clarifications, explaining the underlying intent and/or meaning of the requests, and counseling Defendants with respect to their rights and the implications of each respective response, is a much more burdensome and time-consuming process than Plaintiff is willing to understand.

The meet and confer process is not meant to be a one-and-done type deal where once an email is sent the obligation has been met. The intent behind the meet and confer requirement is to limit the strain on the court system, and only progress to a motion to compel when an impasse occurs. That has not happened in this case. Admittedly, Defendants have been untimely in some of their responses and following supplements or revisions. However, the complexities of litigation in a foreign country are sometimes overwhelming to individuals unfamiliar with our processes and the learning curve can take some time.  Clearly, both Defendants and defense counsel have been and continue to participate in meaningful discovery.

With respect to the inadvertent miss-labeling of Defendants answers by counsel as "Omics Responses" rather than on behalf of all Defendants, this Court has the discretion to allow Defendants to withdraw or amend the automatic admissions of the remaining three Defendants and properly identify the responses as pertaining to all Defendants. This would not prejudice Plaintiff in anyway, as they have already reviewed the responses and it would promote this matter being heard on the merits.

Given the situational complexities, Defendants' repeated willingness to work towards a resolution to each Plaintiff's concerns, and Plaintiff's lack of evidence showing refusal to cooperate; Plaintiff's Motion is neither ripe nor necessary, and circumvents the sincere process contemplated and impasse required by Local Rule 26-7. Furthermore, this Motion appears to be intended to do nothing more than further negatively influence the Court's opinion of each Defendant in this matter.

**IV.   CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion to Determine the Sufficiency of Answers to Requests for Admission be denied as the Defendants are willing and attempting to address each concern stated by Plaintiff for the identified

1  responses. Additionally, Defendants respectfully request that they be allowed to amend the
2  responses to pertain to all Defendants rather than only Omics Group Inc. as allowed by the
3  Federal Rules of Civil Procedure.
4      DATED this 19th day of March, 2018.

Respectfully submitted,

HYPERION ADVISORS

/s/ *D. Neal Tomlinson*
D. NEAL TOMLINSON
Nevada Bar No. 06851
KRISTINA R. KLEIST
Nevada Bar No. 13520
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 19, 2018, a true and correct copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ *D. Neal Tomlinson*
Attorney for Defendants