1   DAVID C. SHONKA
    Acting General Counsel
2   MICHAEL E. TANKERSLEY
    GREGORY A. ASHE
3   Federal Trade Commission
    600 Pennsylvania Avenue NW
4   Washington, DC 20850
    Telephone: 202-326-2991 (Tankersley)
5   Telephone: 202-326-3719 (Ashe)
    Facsimile: 202-326-3768
6   Email: mtankersley@ftc.gov, gashe@ftc.gov

7   DAYLE ELIESON
    United States Attorney
8   BLAINE T. WELSH
    Assistant United States Attorney
9   Nevada Bar No. 4790
    501 Las Vegas Blvd. South, Suite 1100
10  Las Vegas, Nevada 89101
    Phone: (702) 388-6336
11  Facsimile: (702) 388-6787

12  Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | CV-S-2:16-02022-GMN (VCF) |
| Plaintiff, | |
| v. | |
| **OMICS GROUP INC.**, *et al*., | |
| Defendants. | |

**FTC'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION**

Defendants, in their Opposition to the Federal Trade Commission's ("FTC's") motion to determine the sufficiency of answers to requests for admission (DE 70), do not dispute that the responses by Defendant OMICS Group Inc. ("OMICS") do not comply with Rule 36.  Instead, Defendants' opposition is based entirely on the contention that the Court should not remedy this Defendant's failure to comply because the FTC's has not shown "any refusal by Defendants to provide responses," and failed to communicate in good faith.  *Id.* at 5, These assertions are belied by the facts.

First, the chronology of these requests for admission shows that the Defendant OMICS has, in fact, responded twice -- albeit improperly -- and has stood-by those responses:

- Defendants received these requests for admissions three months ago, on December 21, 2017.
- The responses at issue are Defendant OMICS's *second* response, dated January 30, 2018. OMICS's initial responses, dated January 19, 2018, denied every request.  After a telephone conference in which Plaintiff challenged these denials, OMICS amended its responses but continued to resist admitting the items listed in Plaintiff's motion.
- On February 2, 2018, Plaintiff sent an email detailing problems with the amended responses (DE 66-1, Att. 4)
- Twenty-five days passed before Plaintiff filed the motion to determine the sufficiency of the January 30 responses -- during which Defendant OMICS did not revise its January 30 response or justify its answers.

Thus, Defendant OMICS has provided two rounds of responses, each with a certification under Fed. R. Civ. P. 26(g)(1).  It has also had ample time and opportunity to withdraw the January 30 response and comply with Rule 36.

Second, Defendants' assertion that the FTC failed to engage in "good faith communications" (DE 70, at 5), is false. This motion concerns requests for admission on which Defendant OMICS has given express denials, *twice*. Plaintiff moved to compel production of records only after sending Defendants' counsel a detailed list of exceptions to Defendants' amended responses (DE 66-1 ¶ 7) and after Defendants had weeks to provide compliant responses -- but failed to do so. *Id.* Defendants' contention that "good faith" requires that Plaintiff wait indefinitely before challenging such responses is specious. Because discovery in this action concludes on March 22, and dispositive motions are due by April 23, Plaintiff's motion to secure proper responses to discovery served in December is plainly timely.

Contrary to characterization in Defendants' opposition, the record show that Defendants have not taken their discovery obligations seriously, have disregarded deadlines, have given indefensible responses, and have offered hollow assurances when called to remedy for their misconduct. Defendant OMICS's inability to defend its responses to the Third Requests for Admissions on the merits is another example of these failures.

## CONCLUSION

For the reasons set forth in Plaintiffs' motion, the Court should grant Plaintiffs' Motion To Determine The Sufficiency Of Answers To Requests For Admission, and deem requests for admission 75.2, 76, 76.1, 76.2, 77, 77.1, 77.2, 78, 78.1, 78.2, 79, 79.1, 79.2, 80.2, 81.2, 82.2, 83, 84, 84.1, 84.2, 85, 85.1, 86.2, 87, 87.1, 87.2, 88.1, 88.2, and 89.2 admitted.[1]

Dated:  March 23, 2018                Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

*/s/ Michael E. Tankersley*
IOANA RUSU GORECKI
GREGORY A. ASHE
MICHAEL E. TANKERSLEY
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2077 (Gorecki)
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2991 (Tankersley)
Facsimile: 202-326-3768
Email: igorecki@ftc.gov, gashe@ftc.gov,
mtankersley@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
*Attorneys for Plaintiff*
FEDERAL TRADE COMMISSION

---

[1] Defendants conclude their opposition with a sentence requesting that they be allowed to amend the responses to pertain to all Defendants. (DE 70, at 5)  Defendants, however, have not filed a motion or shown the foundation for such relief.  Moreover, a motion for such relief would be both untimely and futile as the answers the co-Defendants propose to adopt do not comply with Rule 36 for the reasons detailed in Plaintiff's motion.

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 23, 2018, a true and correct copy of **FTC'S FTC'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                  */s/Michael E. Tankersley*_____
                                                  Attorney for Plaintiff Federal Trade Commission