ALDEN F. ABBOTT
Acting General Counsel
MICHAEL E. TANKERSLEY
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2991 (Tankersley)
Telephone: 202-326-3719 (Ashe)
Facsimile: 202-326-3768
Email: mtankersley@ftc.gov, gashe@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OMICS GROUP INC., *et al*.,<br><br>Defendants. | CV-S-2:16-02022-GMN (VCF) |

**FTC'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GEDELA AND TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Plaintiff Federal Trade Commission ("FTC") hereby moves, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B, for contempt sanctions pursuant to Rule 37(b)(2) against Defendant Gedela for failure to fully respond to Interrogatory 12, and for an order pursuant to Rule 37(a)(3)(B)(iv) compelling Defendants to produce documents responsive to three requests concerning manuscript review services, associated companies, and their individual agents.

## I.  BACKGROUND

In this action, the FTC alleges deceptive marketing by three companies owned and led by Defendant Gedela – co-defendants OMICS Group Inc. ("OMICS"), iMedPub LLC ("iMedPub"), and Conference Series LLC ("Conference Series").  (ECF No. 1 ¶¶ 5-9).  The FTC alleges that Defendants violate Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, by engaging in deceptive marketing and billing.  To persuade consumers to submit articles for publication, the complaint alleges, Defendants make numerous misrepresentations regarding their editorial process and the reputation of their journals in the scientific and medical communities.  (ECF No. 1 ¶¶ 20-30.)  The FTC alleges that Defendants make additional misrepresentations to market their conferences in the United States and other countries.  (*Id.* ¶¶ 37-38).

Defendants advertise hundreds of journals and conferences online under a variety of names, including "OMICS International," "Conference Series Ltd." (UK), "Scitechnol" (India), and "Allied Academies." (ECF No. 84 at 35, 86, 87).  After the FTC filed this suit, naming Defendant Gedela and the three entities he chartered in the United States as co-defendants, Defendant Gedela filed papers with state authorities in mid-2017 purporting to cancel or dissolve his three co-defendants.  (ECF Nos. 89-5, 89-6 and 89-7).  Defendant Gedela's promotion of journal and conference activities, however, has continued at omicsonline.org, conferenceseries.org, imedpub.com and other websites.

In April 2017, the FTC served interrogatories that included a request that Defendant Gedela identify the businesses he owns, the extent of his ownership, and the nature of the business conducted by each business. *See infra* at 7. The FTC moved to compel Defendant Gedela to provide a complete response to this interrogatory and other interrogatories that Defendant Gedela did not answer. (ECF No. 44 at 6). This Court granted the motion and directed Defendant Gedela to provide his responses by December 14, 2017. (ECF No. 58). On March 12, 2018, Defendant Gedela was deposed and acknowledged that he owns several companies chartered in India and Singapore that are not named in his revised interrogatory response. (LR 26-7(b) Certif. Att. A at 9-10, 21:10-22:7; *id.* at 11-16, 169:3-172:1, 172:7-173:1, 174:10-175:15, 176:2-177:7). Since the deposition, the FTC has repeatedly requested that Defendant Gedela correct his response to provide a complete answer for all of his businesses. Defendant Gedela has declined. (LR 26-7(b) Certif. ¶¶ 8-15 and Att. K at 3-4).

The FTC also served requests for production that, among other things, requested that Defendants produce documents describing the services provided by Editorial Manager®, an online database service provided by Aries System Corporation in Massachusetts. In response, Defendants produced a single, unsigned contract from 2008 for one of the hundreds of journals that they advertise. *See infra* at 10. During Defendant Gedela's deposition, he acknowledged that the single contract that Defendants had produced had expired, and that his journals had many contracts with Aries System Corporation relating to Editorial Manager that are more recent. (LR 26-7(b) Certif. Att. A at 19-26, 39, 188:18-194:7 & Ex. 44). Defendants have refused to produce these contracts, asserting that the contracts are not with the four Defendants named in the complaint, but between Aries and one of Defendant Gedela's Indian corporations that provided services to the co-defendant companies. (LR 26-7(b) Certif. ¶ 15 and Att. K at 3, item 6.a).

On February 16, 2018, the FTC served requests for production of documents that requested production of documents regarding (1) arrangements between the co-defendant businesses and Defendant Gedela's businesses chartered overseas; and (2) individuals who have been involved in conferences sponsored by Defendant Gedela's companies and their supervisors. *See infra* at 13. Defendants did not provide any written response to these requests within the 30 days provided by Rule 34. (LR 26-7(b) Certif. at 3-4, ¶¶ 9, 10). On April 7, 2018, Defendants provided a belated written response in which they refused to produce any documents responsive to these requests. *Id.* at 4 ¶ 11. Defendants have reaffirmed their refusal to produce documents responsive to these requests, asserting that the companies and individuals named in the requests are not associated with the Defendants or are no longer associated with the Defendants. *Id.* Att. I at 3; Att. K at 3.

**II. THE FTC HAS FULFILLED ITS MEET AND CONFER OBLIGATION**

Since Defendant Gedela's deposition on March 12, counsel for the FTC has repeatedly conferred with counsel for Defendants regarding Defendants' failure to produce information concerning Defendant Gedela's businesses, and Defendants' failure to produce the Editorial Manager contracts that Defendant Gedela acknowledged during the deposition. (LR 26-7(b) Certif., ¶¶ 8-14). These discussions have been unsuccessful. Defendants assert that Defendant Gedela's businesses chartered outside the United States are not within the FTC's jurisdiction, and refuse to produce records that are in Defendant Gedela's control if they are not in the "possession" of the three US-chartered companies that are Defendant Gedela's co-defendants. *Id.*,¶¶ 13,15, Att. I, Att. K. Defendant Gedela has, in multiple exchanges, refused to comply with the Court's order to provide a complete interrogatory response that covers all the entities that he owns. *Id.* Defendants also have refused to produce any documents for Editorial Manager apart from the single unsigned 2008 contract. *Id.* Att. K at 4.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 37(b)(2)(A)(vii) "provides for sanctions for a party's failure to comply with a discovery order, and sanctions may include 'treating as contempt of court the failure to obey any order.'" *Mankel v. Gov't Employees Ins. Co.*, 2017 WL 3234382, at *2 (D. Nev. July 31, 2017), *adopted* 2017 WL 4248174 (Sept. 25, 2017). The court has discretion in imposing such sanctions, and discovery orders may be enforced by imposing civil contempt fines that accrue daily until the contemnor complies with the Court's mandate. *Id.; see, e.g., United States v. Westinghouse Elec. Corp.*, 648 F.2d 642, 650 (9th Cir. 1981) (Rule 37(b)(2) authorized court order imposing daily fines until contemnors provided complete interrogatory answers).

Upon receiving a Rule 34 production request, a party "is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). The responding party must locate and produce responsive materials "if it has actual possession, custody or control of the documents, **or has the legal right to obtain the documents on demand**." *Kristensen v. Credit Payment Servs. Inc.*, 2014 WL 6675748 at* 6 (D. Nev. Nov. 25, 2014) (emphasis in original). If the responding party discovers that it cannot locate documents responsive to a particular request, it must describe the search it conducted "'with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence.'" *EnvTech, Inc. v. Suchard*, 2013 WL 4899085, at *5 (D. Nev. Sept. 11, 2013) (*quoting Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)).

The fact that documents are in a foreign country or require the cooperation of another entity does not excuse a party from its obligation to produce them. *EnvTech*, 2013 WL 4899085

at 5. A defendant "cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States merely by storing them with its affiliate abroad." *Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 920 (S.D.N.Y. 1984). Moreover, courts have repeatedly held that a party has "control" over documents under Rule 34 "where the party and its related nonparty affiliate are owned by the same individual." *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 472 (S.D. Fla. 2011).

Finally, a party is not permitted to defend its failure to produce by invoking objections that it did not present by responding in writing to the requests during the 30 day period prescribed by Rule 34(a)(2)(A). *Richmark Corp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to object to discovery requests within the time set by Rule 34 constitutes waiver of any objection); *Wan v. Pulte Mortgage*, 2013 WL 6692744 (D. Nev., Dec. 17, 2013) (same).

## IV. DEFENDANT GEDELA IS IN CONTEMPT BECAUSE HE HAS REFUSED TO COMPLETELY ANSWER THE INTERROGATORY REGARDING THE BUSINESSES HE OWNS.

In addition to being the founder and director of the three co-defendants in this action, Defendant Gedela has chartered business entities in India, the United Kingdom and Singapore with names that include OMICS, Conference Series, Allied Academies, Pulsus and SciTechnol. (LR 26-7(b) Certif. Att. A at 9-10, 21:10-22:7; id. at 12-18, 170:19-171:17, 172:7-176:7 (entities in Singapore and India); ECF No. 86-27, at 191-244 (registration filings for UK and India entities). In addition to having a common owner, these companies are identified in online advertising as shared brands of OMICS and ConferenceSeries:

OUR BRANDS AND IMPRINTS

PULSUS WWW.PULSUS.COM Canada, UK

conferenceseries.com

omicsonline.org OMICS International India

alliedacademies.com allied academies USA, Canada

amj.net.au AMJ Australasian Medical Journal Australia

scitechnol.com SciTechnol India

imedpub.com Insight Medical Publishing India

rroij.com Research & Reviews India

amj.net.au AJP ANDREW JOHN PUBLISHING INC. Australia

For career opportunities submit your resumes to hr@omicsgroup.org or hr.hyderabad@pulsus.com

LR 26-7(b) Certif., ¶ 3, Att. B.

In Defendant Gedela's responses to interrogatories, however, he has evaded providing information concerning his multiple companies. In Defendant Gedela's initial response to Interrogatory 12, he acknowledged that he owns the three co-defendants and "OMICS International, Hyderabad" -- but did not provide any further information. (ECF No. 44 at 6). After the FTC moved to compel, Defendant Gedela provided a supplemental answer that acknowledged only four entities: the three co-defendants and OMICS International Pvt. Ltd. LR 26-7(b) Certif., ¶ 2. After this Court's ruling granting the FTC's motion to compel regarding this and other interrogatories, Defendant Gedela provided a response that acknowledged five additional entities chartered in the United Kingdom that he had omitted from his previous responses:

**INTERROGATORY NO. 12:**

Identify all businesses wholly or partially-owned by You (excluding publicly-traded companies in which you hold less than a 5 percent ownership interest), including the name of the business, type of business, date of formation, state of formation, and Your ownership interest, and value of Your ownership interest.

**RESPONSE NO. 12:**

    1. Omics Group Inc.

        a. Date of formation -March 29, 2012

        b. State of formation - Nevada

        c. Ownership interest - 100%

        d. Value of ownership interest - $100

        e. Type of business - publishing of consumer and business journals and periodicals

    2. iMedPub, LLC-100%

        a. Date of formation - February 18, 2015

        b. State of formation - Delaware

        c. Ownership interest - 100%

        d. Value of ownership interest- $100

        e. Type of business -publishing of consumer and business journals and periodicals

    3. Conference Series, LLC - 100%

        a. Date of formation -July 28, 2015

        b. State of formation - Delaware

        c. Ownership interest - 100%

        d. Value of ownership interest - $100

        e. Type of business - organization of conferences

    4. Omics Online Publishing Pvt. LTD

        a. Date of formation -September 22, 2008

        b. State of formation - Telangana, India

        c. Ownership interest - 90%

        d. Value of ownership interest - $1,200,000

        e. Type of business - publishing of consumer and business journals and periodicals

    5. lmed Publications Limited

        a. Date of formation - August I, 20 16

        b. State of formation: N/A

        c. Ownership interest - I 00%

       d. Value of ownership interest - no valuation information exists

e. Type of business - publishing of consumer and business journals and periodicals

6. Conference Series LLC Limited

a. Date of formation - May 22, 2015

b. State of formation: N/A

c. Ownership interest - 100%

d. Value of ownership interest - no valuation information exists

e. Type of business- ready made interactive leisure and entertainment software development

7. Euroscion Limited

a. Date of formation - November 17, 2016

b. State of formation: N/A

c. Ownership interest - I 00%

d. Value of ownership interest - no valuation information exists

e. Type of business - publishing of consumer and business journals and periodicals

8. Allied Academics Limited

a. Date of formation - November I 0, 2016

b. State of formation: N/A

c. Ownership interest - I 00%

d. Value of ownership interest - no valuation information exists

e. Type of business - publishing of consumer and business journals and periodicals

9. Pulsus Group Limited

a. Date of formation - August I, 20 l 6

b. State of formation: N/A

c. Ownership interest - I 00%

d. Value of ownership interest - no valuation information exists

e. Type of business - publishing of consumer and business journals and periodicals

In March, Defendant Gedela conceded that this list of nine entities is incomplete; he owns several additional entities chartered in India and Singapore. LR 26-7(b) Certif. Att. A at 9-18 (21:24-22:7; 169:3-20, 170:19-171:17, 172:7-176:7). Nonetheless, he has refused to provide a full answer to Interrogatory 12. Accordingly, the FTC requests that the Court fine Defendant Gedela until he complies with the court's order that he provide a complete response to this interrogatory.

## V. DEFENDANTS HAVE IMPROPERLY REFUSED TO PRODUCE RECORDS.

### A. Defendants Have Withheld Records Describing the Editorial Manager Services Contracted for Their Journals

The FTC alleges that Defendants' misrepresentations include false claims that Defendants' journals "follow peer review processes standard in the academic journal industry." (ECF No. 1 at 12 ¶43). In response, Defendant Gedela has stated that his journals use "a single blind review process" that is "monitored by Editorial Management System, developed and supported by Aries Systems Corporation, USA." (ECF No. 89-1, at 3 ¶ 23-25). Aries Systems Corporation provides data storage and software to track manuscript submissions.[1] In response to the FTC's request for documents describing the services provided by Editorial Manager, Defendants produced only one document:

**REQUEST NO. 1:**

Documents describing the services provided by Editorial Manager® relating to review of submissions for publication, assignment to reviewers, agreement of reviewers to participate, communications between authors, reviewers and publishers, or disclosure of fees, including any documents describing options or configurations of functionality requested or rejected by Defendants.

---

[1] *See* https://www.ariessys.com/software/editorial-manager/.

**RESPONSE NO. 1:**

Notwithstanding the objections, Defendants respond as follows: See additional responsive documents bates marked DEF002737-DEF002745.

In deposition testimony, Defendant Gedela stated that the one document identified -- an unsigned three-year 2008 "Editorial Manager® Service Agreement" for the *Journal of Proteomics & Bioinformatics* -- is only the first of several contracts for the Editorial Manager services used by his journals. *See* LR 26-7(b) Certif. Att. A at 40-47 (Service Agreement, DEF002737-DEF002745), and 23-25 (testimony, 191:9-193:17). Defendants, however, have refused to produce such agreements on the grounds that they are "irrelevant" because the agreements were made by "the Independent contractor services company in India." *Id*. Att. K at 3.

This objection is untimely and without merit because the services that Defendants claim provide the basis for their "peer-review" representations are unquestionably relevant to the claims and defenses in this action. Accordingly, the Court should compel defendants to produce *all* the Editorial Manager service agreements in Defendants' possession, custody or control -- including records possessed by entities that Defendant Gedela controls as owner and director. Furthermore, the Court should direct Defendants to provide verified declaration(s) that demonstrate that they exercised due diligence to obtain responsive records, including records held by contractors, agents and related companies. *See EnvTech*, 2013 WL 4899085, at *7 (requiring party resisting discovery to provide verified declaration describing efforts to obtain records held by foreign corporation).

**B. Defendants Have Improperly Withheld Documents on the Basis That Defendant Gedela's Companies Are Outside the United States and that Individuals Are Not Associated With Defendants.**

Defendants have refused to produce documents responsive to two requests on the ground that Defendants do not have, or no longer have, a sufficient relationship with the companies and individuals named in the requests. Defendants' records, however, tell a different story, and Defendants' desire to distance themselves from these individuals and companies does not excuse them from producing documents.

Records from hotels that hosted conferences sponsored by the Defendants repeatedly identified two individuals responsible for executing agreements for the conferences: Shyama Gupta and Praveen Vaidya. LR 26-7(b) Certif**.** ¶¶ 4, 5. These two individuals also identified themselves as associated with the names used by other companies of Defendant Gedela: Allied Academies and Pulsus.com. *Id.* and Att. C. Advertising for conferences also shows the Allied Academies name used in transactions associated with the Defendants. *Id.*, Att. B (directing that resumes for careers at Pulsus.com and Allied Academies be sent to hr@omicsgroup.com); *id.* ¶¶ 5, 6 and Att. F (OMICS contracted event advertised as Allied Academies event). In their initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants identified a third individual as likely to have discoverable information regarding conferences: Keerthi Kumar, Continental Lead for Conference Series. *Id.*, Att. G at 2.

In responding to document requests, Defendants have refused to produce documents concerning the individuals associated with their conferences, and refused to produce documents regarding ties with Defendant Gedela's companies chartered outside the United States. In particular, Defendants have produced no documents in response to Requests 6 and 8 of the requests for documents served on February 16:

**REQUEST NO. 6:**

Produce any contracts between two or more of the following entities that govern the relationship between the entities, including any agreements (i) relating to shared personnel, resources, trademarks; or (ii) that Defendants contend demonstrate that these entities have not operated, or are not operated, as a common enterprise.

- Omics Online Publishing Pvt. LTD,
- OMICS Group Inc.,
- iMedPub LLC,
- Conference Series LLC,
- Allied Academies Limited,
- Conference Series LLC Limited,
- Euroscicon Limited,
- IMed Publications Limited
- Pulsus Group Limited,
- Pulsus Pte Ltd.

**RESPONSE NO. 6:**

Defendants do not fully understand the request because to the best of their knowledge, these companies are non-United States companies and therefore do not fall under the jurisdiction of the FTC. Defendants have produced any responsive documentation with respect to the named Defendants and do not have any additional responsive documentation in their possession.

**REQUEST NO. 8:**

Produce any documents that describe the duties, authority, or responsibilities of:

a) Keerthi Kumar

      b) Shyama Gupta

c) Praveen Vaidya

d) Each person to whom the individuals named in a) through c) report.

**RESPONSE NO. 8:**

Mr. Kumar is no longer associated with Defendants and the other two individuals are not related to any of the Defendant companies; therefore, Defendants do not have any documents that describe their duties, authority, or responsibilities.

---

Defendants' refusal to produce documents responsive to these requests is not defensible. The Request 6 seeks documents on the relationship between the Defendants and the named companies. The fact that the companies are chartered outside the United States does not affect Defendants' obligation to produce responsive documentation in their possession, custody or control. *Cooper Indus.*, 102 F.R.D. at 920. [2]

With regard to Request 8, the possibility that Mr. Kumar is no longer associated with the Defendants does not alter Defendants' obligation to produce documents regarding Mr. Kumar and his supervisors. With respect to Mr. Gupta and Mr. Vaidya, Defendants' response is contradicted by their contracts. These individuals have repeatedly executed agreements as officers for Defendants. LR 26-7(b) Certif., ¶ 5, Att. D, Att. E. Defendants should be compelled to produce all records responsive to these requests.

[2] Incidentally, whether the entities are charted outside the United States also does not affect the FTC's jurisdiction. The FTC Act contains no exemption or immunity for corporations chartered in other countries. 15 USC § 44.

**VI. CONCLUSION**

For the reasons set forth above, the Court should sanction Defendant Gedela pursuant to Rule 37(b)(2)(D) by imposing a contempt fine that accumulates until he provides a full response to Interrogatory 12. The Court should also compel Defendants to (a) produce, within seven days of the Court's ruling, all documents responsive to Request 1 concerning Editorial Manager, and Requests 6 and 8 above; and (b) provide a verified, detailed description of steps taken to locate and produce responsive records in their possession, custody or control.

Dated: May 9, 2018

Respectfully submitted,

ALDEN F. ABBOTT
Acting General Counsel
*/s/ Michael E. Tankersley*
IOANA RUSU GORECKI
GREGORY A. ASHE
MICHAEL E. TANKERSLEY
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2077 (Gorecki)
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2991 (Tankersley)
Facsimile: 202-326-3768
Email: igorecki@ftc.gov, gashe@ftc.gov, mtankersley@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 9, 2018, a true and correct copy of FTC'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GEDELA AND TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/Michael E. Tankersley*______________________
Attorney for Plaintiff Federal Trade Commission