ALDEN F. ABBOTT
General Counsel
IOANA RUSU GORECKI
GREGORY A. ASHE
MICHAEL E. TANKERSLEY
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2077 (Gorecki)
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2991 (Tankersley)
Facsimile: 202-326-3768
Email: igorecki@ftc.gov, gashe@ftc.gov,
        mtankersley@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **OMICS GROUP INC.**, ***et al.***, <br><br> Defendants. | **Case No. 2:16-cv-02022-GMN-VCF** <br><br> **FTC'S RULE 56(c)(2) OBJECTION/MOTION TO STRIKE THE DECLARATION OF KISHORE VATTIKOTI** |

  Plaintiff Federal Trade Commission ("FTC") hereby objects, pursuant to Federal Rule of

Civil Procedure 56(c)(2), to the Declaration of Kishore Vattikoti submitted in support of

Defendants' motion for summary judgment.  (ECF No. 89-3.)  This declaration should not be

considered because it does not comply with Federal Rule of Civil Procedure 56(c)(4)'s mandate

1

that declarations used to support or oppose summary judgment motions "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Advisory Committee Notes specify that Rule 56(c)(2) objections "function much as an objection at trial . . . . The burden is on the proponent to show that the material is admissible as presented." Fed. R. Civ. P. 56(c)(2), Advisory Committee Notes, 2010 Amendments; *FTC v. AMG Servs*., 2014 U.S. Dist. LEXIS 10240, at*35 (D. Nev. Jan. 28, 2014).

To comply with Rule 56(c)(4)'s requirements, a declaration must include "specific facts" that affirmatively show that the declarant has personal knowledge and is competent to testify. *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008). "Conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient." *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). The declaration must describe how the declarant became aware of the facts recited with sufficient detail to establish a foundation for admissibility. *Intermountain Fair Hous. Council v. Boise Rescue Mission Ministries*, 657 F.3d 988, 998 (9th Cir. 2011). Declarations that merely state that a witness is aware of certain facts have repeatedly been rejected because they fail identify the source of the witness's knowledge and demonstrate that the witness's statements are admissible. *See, e.g., Shakur*, 514 F.3d at 890; *Ward v. First Federal Savings Bank*, 173 F.3d 611, 617-18 (7th Cir.1999); *Garcia v. Wal-Mart Stores Inc.,* 207 F. Supp. 3d 1114, 1121 (C.D. Cal. 2016)

Paragraphs 6-11 of the Vattikoti Declaration do not satisfy Rule 56(c)(4)'s requirements. These paragraphs contain sweeping statements about Defendants' activities publishing journals, organizing conferences, advertising article charges, and resolving complaints concerning both conferences and publication charges. (ECF No. 89-3 at 2-3.) The declaration is ambiguous regarding the time period for these general statements but appears to cover activities since at least 2012. (*Id*. at 1 ¶ 3.) However, according to the testimony of Defendant Gedela in this

action, the responsibilities of the declarant, Kishore Vattikoti, are limited to helping Defendants with the FTC investigation and enforcement action.  (Ex. 1 at 13 (lines 110:5-17), 15 (lines 112:1-7).)  He is not a corporate officer, a manager of business operations, or a general legal counsel, and he began his service around 2014.  (*Id.* at 12 (lines 109:9-16).)

The Vattikoti Declaration does not provide any details regarding the sources of his statements, does not demonstrate that these unidentified sources would be admissible, and does not provide specific facts showing that he is competent to testify comprehensively regarding all Defendants' solicitations, advertising and responses to complaints.  Accordingly, the Vattikoli Declaration should be disregarded in connection with summary judgment.

Dated:  May 22, 2018

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel


/s/ Michael E. Tankersley
IOANA RUSU GORECKI
GREGORY A. ASHE
MICHAEL E. TANKERSLEY
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-2077 (Gorecki)
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2991 (Tankersley)
Facsimile: 202-326-3768
Email: igorecki@ftc.gov, gashe@ftc.gov,
mtankersley@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2018, a true and correct copy of **FTC'S RULE 56(c)(2) OBJECTION/MOTION TO STRIKE THE DECLARATION OF KISHORE VATTIKOTI** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/Michael E. Tankersley
Attorney for Plaintiff Federal Trade Commission