1  D. NEAL TOMLINSON
   Nevada Bar No. 06851
2  neal@hyperionlegal.com
   KRISTINA R. KLEIST
3  Nevada Bar No. 13520
   kristina@hyperionlegal.com
4  Hyperion Advisors
   3960 Howard Hughes Parkway, Suite 500
5  Las Vegas, Nevada 89169
   Telephone: (702) 990-3901
6  Fax: (702) 999-3501

7  *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:16-cv-02022-GMN-VCF |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(c)(2) OBJECTION/MOTION TO STRIKE THE DECLARATION OF KISHORE VATTIKOTI** |
| OMICS GROUP INC., et al., | |
| Defendants. | |

Defendants, OMICS GROUP INC. ("Omics"), IMEDPUB LLC ("iMedPub"), CONFERENCE SERIES LLC ("Conference Series"), and SRINUBABU GEDELA, by and through counsel, D. Neal Tomlinson and Kristina R. Kleist of the law firm Hyperion Advisors, herby oppose Plaintiff Federal Trade Commission's ("FTC") Objection/Motion to Strike the Declaration of Kishore Vattikoti [Dkt. No. 96] ("the Motion"). This Opposition is based on the pleadings on file herein, the points and authorities below, and any oral argument at the time of hearing of this matter the Court may wish to entertain.

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

FRCP 56(c)(4) permits the use of affidavits in evaluating a motion for summary judgment. Indeed Rule 56(c)(4) states that "an affidavit . . . used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." As noted above, the affidavits need not be in a form which would be admissible at trial in order for the Court to consider their contents in support of a Motion for Summary Judgment. *Fraser v. Goodale,* 342 F.3d at 1036; *Block v. City of Los Angeles,* 253 F.3d 410, 419 (9th Cir. 2001). Thus, "hearsay statements for which there are obvious witnesses who could be called at trial may be properly considered by the Court." *Maddin, Inc. v. Allied Ins. Co. of Am.,* 2014 U.S. Dist LEXIS 171653, *2 (D. Nev. Dec. 9, 2014). Consequently, hearsay is not an appropriate objection to the contents of an affidavit. The form of the evidence is irrelevant, the question is whether the substance of the evidence is admissible. *Id.,* *5.

To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56. *Block v. City of Los Angeles*, 253 F. 3d 410 (9th Cir. 2001) citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With respect to evidence submitted by affidavit, Rule 56(e) requires that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).

## II. ARGUMENT

### A. Mr. Vattikoti's Declaration Meets the Requirements of FRCP 56

Mr. Vattikoti's declaration meets the three requirements of FRCP 56. It clearly identifies that he has personal knowledge as Defendants' legal counsel, it clearly sets out facts which would be admissible evidence, and as a certified advocate in good standing empowered to practice in any court in India he is clearly competent to testify to the matters stated therein.

Plaintiff's basis for the motion are nothing but wholly inaccurate assumptions and incorrect interpretation of Dr. Gedela's responses. Plaintiff asserts that Mr. Vattikoti's role with the company is limited solely to helping Defendants with the FTC investigation and enforcement action. While in reality, Dr. Gedela also stated that Mr. Vattikoti is the sole legal person for Defendants, that he assists with transactional matters, IP marketing, and many other aspects of the Defendants business operations. He has been advising the defendants in all legal matters for past 4 years, that is the reason why Mr. Vattikoti could understand the business of the defendants and has been assisting both the parties in this case to efficiently understand and get the responses to the voluminous discovery. Additionally, Mr. Vattikoti has been involved in this matter since the very beginning, even at the outset of the civil investigative demand. He was also identified as a witness in Defendants' initial disclosures. It is disingenuous for Plaintiff to attempt to preclude Defendants from providing this Court with valuable information when they not only failed to ask proper questions to fully develop the record if they were going to attempt to challenge Mr. Vattikoti's involvement in this matter, but also when they clearly misrepresent the evidentiary support provided with the Motion.

### III.  CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Rule 56(c)(2) Objection/Motion to Strike the Declaration of Kishore Vattikoti be denied.

DATED this 22nd day of June, 2018.

Respectfully submitted,

HYPERION ADVISORS

/s/ *D. Neal Tomlinson*
D. NEAL TOMLINSON
Nevada Bar No. 06851
KRISTINA R. KLEIST
Nevada Bar No. 13520
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 22, 2018, a true and correct copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(c)(2) OBJECTION/MOTION TO STRIKE THE DECLARATION OF KISHORE VATTIKOTI** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                        /s/ *D. Neal Tomlinson*
                                        Attorney for Defendants