D. NEAL TOMLINSON
Nevada Bar No. 06851
neal@hyperionlegal.com
KRISTINA R. KLEIST
Nevada Bar No. 13520
kristina@hyperionlegal.com
Hyperion Advisors
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3901
Fax: (702) 999-3501

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> OMICS GROUP INC., et al., <br><br> Defendants. | Case No. 2:16-cv-02022-GMN-VCF <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GEDELA AND TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS** |

Defendants, OMICS GROUP INC. ("Omics"), IMEDPUB LLC ("iMedPub"), CONFERENCE SERIES LLC ("Conference Series"), and SRINUBABU GEDELA, by and through counsel, D. Neal Tomlinson and Kristina R. Kleist of the law firm Hyperion Advisors, herby oppose Plaintiff Federal Trade Commission's ("FTC") Motion for Discovery Sanctions Against Defendant Gedela and to Compel Defendants to Produce Documents [Dkt. Nos. 92, 94] ("the Motion"). This Opposition is based on the pleadings on file herein, the points and authorities below, and any oral argument at the time of hearing of this matter the Court may wish to entertain.

/ / /

/ / /

/ / /

/ / /

Page 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a case where the federal government continually utilizes its unlimited resources to bury each Defendant under mounds of written discovery. The FTC has consistently taken advantage of the fact that each Defendant is foreign to the United States, the American court system, and the applicable standards with respect to federal litigation. Moreover, this Motion is a burden on this Court's limited resources and an attempt to increase litigation costs for each Defendant in hopes of forcing the Defendants into an undesirable resolution.

At issue in this Motion are Defendant Gedela's responses to Plaintiff's Interrogatory Number 12 and Plaintiff's Request for Production of Documents Related to Editorial Manager. As further detailed below, the FTC is using this Motion to abuse the process and demand inappropriate sanctions because they have not received the information which they ***believe*** exists and they should have. While Defendants and counsel have worked diligently to address all discovery issues, the FTC has continually not been satisfied with the timing and wording of many of Defendants' responses, apparently not taking into account the extreme challenges presented by virtue of all Defendants being native to India, coupled with significant language, time zone and cultural barriers to fluid and translatable communication. Moreover, the FTC has filed this untimely Motion meant to harass and overwhelm Defendants while simultaneously filing its extensive dispositive motion without the discovery deemed vital to make their case against Defendants. Accordingly, Plaintiff's Motion to Compel and Request for Sanctions should be denied.

### II. LEGAL STANDARD

Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery. It provides in pertinent part: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Local Rule 26-7(b) also provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes. First, the parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Second, the meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought". *Id*.

For the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To accomplish this requirement, [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. *Id*. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be "a sincere effort" to resolve the matter. *Id*. Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims. *Id*.

The court should not consider a motion to compel unless the moving party provides a certification of counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention. *Id.* To accomplish the underlying policy of Local Rule 26-7(b) and Fed. R. Civ. P. 37(a)(1), the

moving party must include more than a cursory statement that counsel have been "unable to resolve the matter" and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.*

Fed. R. Civ. P. 37(b)(2) permits sanctions or other just orders for failure to obey an order to provide discovery. Wide latitude is given to the district court's discretion to issue sanctions under Rule 37(c)(1). *Yeti By Molly, Ltd. v. Deckers Outdoor*, 259 F. 3d 1101 (9th Cir. 2001) citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir.2001). The Court has broad discretion in fashioning the appropriate sanctions. *See, Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). The Court may impose any "just" sanctions under Rule 16(f). In determining the appropriate sanction, a primary objective of Rule 16(f) is the deterrence of similar misconduct. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.,* 186 F.R.D. 604 (E.D. Cal. 1999).

The timeliness of a motion to compel must be determined based on the circumstances specific to that case. *Williams v. Las Vegas Metropolitan Police Dept.,* 2015 WL 3489553, at *1 (D. Nev. June 3, 2015). A motion to compel filed on the last day of discovery, for example, may be untimely if it could and should have been filed much earlier. *E.E.O.C. v. Pioneer Hotel, Inc.,* 2014 WL 5045109, at *1-2 (D.Nev. Oct. 9, 2014). This Court and others have looked to the non-exhaustive list of factors set forth in *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 398 (S.D. Tex. 2006), in analyzing the timeliness of a motion to compel. The factors include: (1) the length of time since the expiration of the deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been previously extended; (4) the explanation for the tardiness or delay; (5) the age of the case; (6) prejudice to the party from whom discovery is sought; and (7) disruption of the court's schedule. *Id*.

## III. ARGUMENT

### 1. The FTC's Motion is Untimely

While Defendants acknowledge that they have requested multiple extensions in this matter, Plaintiff has strategically filed this Motion with bad intentions meant only to harass Defendants. Plaintiff wishes this Court to believe that the requested discovery is vital to their case, yet they chose to proceed with filing their Motion for Summary Judgment (Dkt. No. 86) without first obtaining the requested discovery. In fact, they filed this Motion eight days *__after__* filing their 50-page motion for summary judgment which makes no reference to any matters relating to the discovery which they now demand. Due to the fact that Plaintiff has untimely filed this Motion in bad faith, without requesting that discovery be extended or prior to the filing of their Motion for Summary Judgment, the Motion should be denied.

### 2. The FTC Did Not Engage in Good Faith While Attempting to Resolve the Discovery Dispute Prior to Filing the Motion for Sanctions

In this action Plaintiff has continually failed to adequately communicate prior to filing frivolous motions wasting this Court's time and resources. While Plaintiff has deliberately utilized letters and emails to evidence communications, these are nothing more than empty attempts at fulfilling the requirements for parties to communicate regarding disagreements. Plaintiff failed to make a sincere effort to resolve this issue, at least in part, without court intervention. Throughout this entire action, Plaintiff has made its demands with an expectation of what they will receive from Defendants. When that specific response or document is not provided, the communication from Plaintiff is that the response or document is "incomplete".

The FTC is well aware that Defendants believe the FTC is overstepping its jurisdiction and demanding information and documents not required to be provided as part of this litigation. Rather than effectively communicating regarding their position that Defendants arguments are not valid, the FTC chose to proceed directly to this Motion. This is not the meet and confer contemplated by the rule, and certainly does not satisfy the communication requirements prior to requesting Court intervention. This type of communication does not rise to the level of candor which Plaintiff has exercised with this Court. As such, Plaintiff's Motion should be denied for

the mere fact that they have failed to properly communicate, failed to properly meet and confer, and failed to adequately attempt to resolve the disputes without court intervention.

### 3. Contempt Sanctions Against Dr. Gedela are Improper

The FTC claims that having a common owner and being identified in online marketing in association with Omics and Conference Series gives the FTC a right to demand information in this action. However, the FTC has an independent obligation to establish jurisdiction over these companies. The FTC has failed to do this, and in fact did not even make an attempt to amend the pleadings. Any entity other than the named Defendants have no bearing on this litigation. Furthermore, the FTC has failed to produce any evidence of shared branding. It is not uncommon or unusual for businesses with complementary services to create strategic alliances to help promote their business. The depiction of a logo on a website does not give rise to the "shared brand" theory the FTC has set forth in the Motion and without a showing of proper jurisdiction the Motion for Sanctions against Dr. Gedela should be denied.

### 4. Defendants Have Not Improperly Refused to Produce Records

Defendants have not improperly refused to produce records as alleged by the FTC. Defendants provided the applicable documentation related to the companies identified in this matter. In true FTC form, the FTC is not satisfied with the documentation because they ***believe*** there to be additional documentation and ***believe*** they have a right to said documentation. However, the FTC has failed to show how they have a right to a document belonging to a third party not identified in this litigation. The FTC must show that there is proper jurisdiction, or they should have sought the document through proper means.

Furthermore, the FTC has proceeded with filing its Motion for Summary Judgment without the benefit of having the requested documentation, which precludes them from now claiming that they *must* obtain the information by utilizing Court resources because it is vital to their case. As such, the FTC's request to compel Defendants to produce documents should be denied.

## IV. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion for Sanctions Against Defendant Gedela and to Compel Defendants to Produce Documents be denied.

DATED this 22nd day of June, 2018.

Respectfully submitted,

HYPERION ADVISORS

/s/ *D. Neal Tomlinson*
D. NEAL TOMLINSON
Nevada Bar No. 06851
KRISTINA R. KLEIST
Nevada Bar No. 13520
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 22, 2018, a true and correct copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GEDELA AND TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ *D. Neal Tomlinson*
Attorney for Defendants